McKINEY v C. C. C. & ST. L. R. R. CO

Ohio Appeals, 2nd Dist, Montgomery Co No 1028. Decided Jan 15, 1931

Burkhart & O'Brien, for McKiney.
Harry N. Routzhon for R. R. Co.

ALLREAD, J:

Upon the first question we cannot escape the conclusion that the plaintiff was not negligent in the confining of the mules or the caring for them after they escaped from their confinement. It may be true that the plaintiff was not as careful as was possible in the confinement of his mules but after the same had escaped he and his son with diligence followed the mules up and attempted to recapture them. We are of opinion that the evidence does not justify a finding by the court that the plaintiff was negligent. We are, therefore, required to examine the record on the issue as to the negligence of the railroad company in operating its trains.

The claim is made on behalf of the railroad company that the company was not required to fence at the point where the mules got on the track for the reason that there were sidings and public streets and that the use of the sidings and streets would exclude the idea of fencing.

The first case to be considered is Cincinnati & Zanesville Railroad Co. v Smith 22 Oh St, 227. In this case the syllabus is:

"The servants of a railroad company, in operating its trains, are bound to use ordinary care to avoid injury to domestic animals trespassing on the railroad.

Where such trespassing animals were killed by a train, if the servants of the company, having the train in charge, by the exercise of ordinary care, and with due regard to their duties for the safety of the persons and property in their charge could have seen such animals on the track in time to have saved them, it was their duty to have done so and for the negligence in this respect, where the owner is not guilty of contributory negligence, the railroad company will be liable."

In the opinion the Court says:

"The fact that the road was fenced at the place of collision with the horses was a circumstance to be considered in connection with the other circumstances of the case in determining whether the engineer was guilty of negligence in not looking ahead and discovering the danger in time to avoid it, * * * but it cannot be said that the engineer, as a matter of law, by reason of the fences was wholly excused

from keeping a lookout ahead of the train."

If, therefore, the mules were actually trespassers on the right of way and the tracks of the company, they were still entitled to due care on the part of the drivers of the train to avoid injury.

The plaintiff in error claims that he, as the owner of the mules was entitled to the benefits of a fance along the railway as a protection to his stock.

The case of **Railroad Company v Neubrander** '40 Oh St, 15, was one which involved exceptions to the statute providing for cattle guards. The Statute provides for both fences and catle guards and it was held in the Neubrander case that

"The act of April 1874, (71 Ohio Law 85) imposes upon a railway company the duty of constructing, and maintaining necessary cattle guards where ever its road crosses a highway. This statute may be construed as allowing exceptions required by public convenience and necessity and the proper use of a station yard by the company.

When the company is relieved from this requirement, for the above reasons, it is its duty to construct and maintain cattle guards across its roadway and grounds at the first points from the highway which will not interfere with the necessities and convenience of the public and the company.

Whether this has been done is a question to be submitted to the jury in an action against the company for damages."

This is the only Supreme Court case in our state which involves the alleged exceptions to the statute and the cases referred to are 'reconciled upon the theory that the railroad company is bound to keep a lookout for stock on its right of way and to use due care for their protection 'and whether the mules were trespassers or not does not justify the negligent operation of the train so as to injure or kill them.

In this case the railroad company must have known that its road was not fenced at the place where the mules entered the right of way. Whether the facts in the present case constitute an exception to the statute or not the company was bound to use due care in view of the fact that its road was unfenced. The evidece therefore presented a question for the jury or the triers of the facts to decide whether the facts were such as to justify such exceptions.

The Municipal Court Judge took the place of the jury in this case. He was authorized to decide the questions of fact as well as the questions of law and there being no special findings of fact the Trial Court decided the entire case, and we are bound to follow the decisions of the court upon the questions both of fact and law, if the evidence would justify such a finding. We think there was enough evidence to justify the finding of the Municipal Court. We are therefore of the opinion that such judgment must be affirmed.

KUNKLE, PJ, & HORNBECK, J, concur.